UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN

ROBERT DAVID MARSCH                                         PETITIONER

v.                                                     CIVIL ACTION NO. 1:00-CV-P66-R

WILLIAM SEABOLD et al.                                   RESPONDENT

**MEMORANDUM OPINION AND ORDER**

Petitioner, Robert David Marsch, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, which this Court denied in November 2000. The Sixth Circuit Court of Appeals affirmed that decision in 2001. Before the Court is Petitioner's Fed. R. Civ. P. 60(b) motion (DN 22) to reconsider this Court's October 4, 2000, Order (DN 8) denying his petition for writ of habeas corpus. For the following reasons, his motion will be denied.

**I. ANALYSIS**

Only one of the claims from his § 2254 petition is at issue here – claim 5. In that claim, Petitioner claimed that the prosecution denied him due process by failing to preserve exculpatory evidence between his two trials. The district court found this claim procedurally barred because it had been raised and decided on appeal in state court. The Sixth Circuit affirmed, but on the ground that the issue in fact was not raised before and was not decided by the Kentucky Supreme Court but that it could have been decided on direct appeal.

Petitioner's Rule 60 motion relies on the holding of the U.S. Supreme Court in 2005 in *Gonzalez v. Crosby*, 545 U.S. 524 (2005), that where a petitioner wishes to challenge the procedural failure of a district court in resolving a habeas claim he may do so under Fed. R. Civ. P. 60(b). He argues this Court erroneously decided his habeas petition with regard to claim 5. He argues that, since the Sixth Circuit affirmed the denial of his habeas petition regarding claim

5 on other grounds, he should have been permitted to object to this Court's finding regarding the procedural posture of his case. He asserts that the conflict between this Court and the Sixth Circuit's resolution of claim 5 presents an extraordinary circumstance for revisiting his claim. He further asserts that his motion has been brought within a reasonable time since it was not until *Hollon v. Commonwealth*, 334 S.W.3d 431 (2010), that the Kentucky Supreme Court removed the impediment for prisoners seeking to raise ineffective assistance of appellate counsel claims. In other words, he appears to be arguing that his appellate counsel's failure to raise the claim regarding the prosecution's failure to preserve exculpatory evidence could not have been brought until the *Hollon* decision.

In response, Respondent argues that Petitioner's Rule 60(b) motion was not made within a reasonable time as required by the rule and that this case does not set forth extraordinary circumstances warranting relief. Respondent points out that *Gonzalez* was decided six years prior to the instant motion and argues that *Hollon* is inapposite in this case because Petitioner filed a Rule 11.42 motion in 1997 and no longer has that avenue for relief and because the *Hollon* court specifically stated that its ruling would have prospective effect only. In reply, Marsch again points to the 2010 *Hollon* case as the reason that his motion is not too late.

To the extent that Petitioner is arguing that the Sixth Circuit's prior ruling which precluded a merits determination was in error, this argument is properly brought in a Rule 60(b) motion. A Rule 60(b) motion that "merely asserts that a previous ruling which precluded a merits determination was in error-for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar" is not construed as a second or successive habeas petition. *Gonzalez*, 545 U.S. at 532 n.4; *see also In re Bowen*, 436 F.3d 699, 704 (6th

Cir. 2006).

However, Petitioner's Rule 60(b) motion is untimely.  Rule 60(b) of the Federal Rules of Civil Procedure provides relief from judgment in six instances:  (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) any other reasons justifying relief from the operation of the judgment.  The motion must be made within a reasonable time, and for reasons (1)-(3) not more than one year after the judgment, order, or proceeding was entered.  Rule 60(b)(6) gives the Court broad authority to grant relief if justice requires; however, it can only do so in exceptional or extraordinary circumstances not addressed by the first five clauses of the rule.  *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863-64 (1988); *McDowell v. Dynamics Corp. of Am.*, 931 F.2d 380, 383 (6th Cir. 1991).  Relief under Rule 60(b) is "circumscribed by public policy favoring finality of judgments and termination of litigation."  *Waifersong Ltd., Inc. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992).

The Sixth Circuit affirmed the district court on the alternative ground of procedural default in 2001.  Even considering the time for filing a Rule 60(b) motion as starting in 2005 when the U.S. Supreme Court ruled in *Gonzalez*, Petitioner's motion, filed six years after that decision, is untimely.  *See Hence v. Smith*, No. 97-40461, 2007 WL 2421550, at *3 (E.D. Mich. Aug. 27, 2007) ("In the present case, the motion filed more than eight years after this Court's 1999 order and judgment denying a writ of habeas corpus, was not brought 'within a reasonable time.'").  And, there was no reason that Petitioner had to wait until the *Hollon* decision before

3

he could file his Rule 60(b) motion.  Ineffective assistance of appellate counsel is a claim that he could have raised in his § 2254 motion.  Granted in *Hollon*, the Kentucky Supreme Court for the first time made clear that ineffective assistance of appellate counsel claims can be brought *in state court* in a RCr 11.42 motion.  But in 2000, when Petitioner brought his § 2254 petition, he could have raised ineffective assistance of appellate counsel *in this Court*.  *See*, *e.g.*, *Wellman v. Chapleau*, No. 95-6123, 1996 WL 325212, at *2 (6th Cir. June 12, 1996) ("[T]he district court properly reached the merits of Wellman's ineffective assistance of appellate counsel claim because Kentucky does not recognize challenges to the effectiveness of appellate counsel."); *Clemmons v. Sparkman*, No. 96-5528, 1996 WL 719873, at *1 (6th Cir. Dec. 12, 1996) (affirming district court's dismissal of habeas petition because petitioner had established that he received ineffective assistance of appellate counsel as he has not shown any deficiency in her performance); *see also Hale v. Chandler*, No. CIV A 06-101-KKC, 2006 WL 3715781, at *6 (E.D. Ky. Dec. 14, 2006) (claims of ineffective assistance of appellate counsel not cognizable in Kentucky state courts; therefore, the exhaustion requirement to bring a IAAC claim in federal habeas was excused).  For the foregoing reasons, Petitioner's Rule 60 motion is **DENIED**.

      Before Petitioner may appeal this Court's decision, a certificate of appealability (COA) must issue.  28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b).  A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000).  "Where a district court has rejected the constitutional claims on the merits, . . . [t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. at 484.  "When," however, "the district court denies a

habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

Having reviewed Petitioner's Rule 60(b) motion with respect to the preclusion of the merits determination argument, the Court is satisfied that no jurists of reason would find its decision to deny the Rule 60(b) motion to be debatable or wrong. A COA will therefore be denied.

To the extent that Petitioner is arguing that his appellate counsel was ineffective for failing to raise the prosecutorial error claim on direct appeal, Petitioner is attempting to raise a new claim, distinct from that raised in his § 2254 petition. His § 2254 petition argued that the prosecution denied his due process rights, not that appellate counsel was ineffective for failing to raise such an argument on direct appeal. "A Rule 60(b) motion is a second or successive habeas petition when it 'seeks vindication of' or 'advances' one or more 'claims.'" *Post v. Bradshaw*, 422 F.3d 419, 424 (6th Cir. 2005) (quoting *Gonzalez*, 545 U.S. at 531-32).

"Before a second or successive application . . . is filed in the district court," however, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." *See* 28 U.S.C. § 2244(b)(3)(A). Because Petitioner has failed to obtain panel certification prior to filing the instant motion, the Rule 60(b) motion, to the extent it raises an ineffective assistance of appellate counsel claim, will be transferred to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631. *In re Sims*, 111 F.3d 45, 47 (6th Cir.

5

1997) (per curiam) ("[W]e hold that when a prisoner has sought § 2244(b)(3) permission from the district court, or when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631.").

## II. ORDER

For the reasons set forth more fully above, **IT IS ORDERED** as follows:

(1) The Rule 60(b) motion (DN 22), to the extent it raises a challenge to the Court's prior determination that claim 5 was procedurally barred, is **DENIED**, and a Certificate of Appealability is **DENIED** as to that challenge.

(2) The Rule 60(b) motion (DN 22), to the extent it raises a new claim, is **TRANSFERRED** to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631 as a second or successive § 2254 petition.

Date:

cc:     Petitioner, *pro se*
        Counsel of record
4413.009

**Thomas B. Russell, Senior Judge**
**United States District Court**

January 13, 2012